## Kraskowski Estate

*Ronald L. Slater,* for administratrix.
*Roger H. Taft,* for Prudential Property and Casualty.
*Wallace J. Knox,* for David Showers.
*Joseph J. D'Alba,* for Richard Kalie.

NYGAARD, *J.,* July 3, 1985—Decedent, Andrew Kraskowski, was operating a vehicle owned by Edward A. Zmudzinski and insured by Prudential Property and Casualty Insurance Company. James Johnson and David R. Showers were passengers in decedent's vehicle. A collision occurred between the vehicle operated by decedent and another vehicle which was operated by Richard Kalie. As a result of the injuries he sustained in the accident, decedent died on the following day.

At the time of the accident, decedent was insured for Pennsylvania no-fault motor vehicle insurance benefits under a policy which had been issued to his mother by the Ohio Casualty Insurance Company. In addition to the payment of all medical costs, Ohio also paid $1,500 in funeral benefits, $15,000 in

work-loss benefits, together with $750 in interest and $150 in attorney's fees. These are all of the assets of decedent's estate. All of the eligible medical and funeral cost insurance benefits were paid to the service providers. Further, a portion of the post-mortem work-loss benefits were also used to pay excess funeral costs above the minimum no-fault benefits and to pay for the costs of administering the estate.

Thereafter, the administratrix filed an audit statement which listed David R. Showers, James Johnson, Richard L. Kalie, Edward A. Zmudzinski and his insurer, Prudential, as holders of unliquidated claims. The administratrix has denied liability for these potential claims on the basis that they are unproven. Further, she claims that, even if proved, no-fault benefits are exempt from the claims of these creditors by virtue of Pennsylvania's No-fault Motor Vehicle Insurance Act.

It is this last issue which comes before the court now for determination: Are post-mortem work-loss benefits paid under the No-fault Motor Vehicle Insurance Act, subject to execution by general creditors? The court determines that they are, and to the extent as outlined in the opinion which follows.

At issue before the court is an interpretation of 40 Pa.C.S. § 1009.106(f)(2), which reads as follows:

"Basic-loss benefits other than those for allowable expense are exempt from garnishment, attachment, execution and any other process or claim for benefits attributable to loss sustained within the first 60 days following the accident resulting in injury. Other basic-loss benefits (except for items of allowable expense) are exempt to the extent that wages or earnings are exempt under any applicable law exempting wages or earnings from such process or claims."

The post-mortem work-loss benefits paid to the estate for the loss which was sustained in the 60 days following the accident are exempt from garnishment. Thus, the maximum amount which would be exempt from execution by the creditors is $2,000 (see §1009.202(b)(1)(A)), and the court so finds.

However, after this 60-day period, the benefits are exempt only to the extent that wages may be exempt under Pennsylvania law. This provides them with no exemption at all, once paid to the insured or his estate. For 42 Pa.C.S. §8127 provides that wages, salaries and commissions of individuals are exempt only "while in the hands of the employer." Thus, work-loss benefits once paid to an individual insured or his estate, are subject to execution for amounts paid to him in excess of the loss he has sustained within the first 60 days following the injury.

Applying all of this to the facts and issues of this case, we find that only the sum of $2,000 is exempt from execution.

## DECREE

And now, this July 3, 1985, upon consideration of the objections to the account, audit statement and suggested schedule of distribution, the same are hereby sustained; the exemption of $2,000 of work-loss benefits paid is granted; and exemption of the balance is denied.